# IN THE COURT OF APPEALS OF IOWA

No. 18-1296
Filed May 15, 2019

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**RANDALL JAMES MARESCH,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.


　　　Following a guilty plea, Randall Maresch appeals his sentence.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


　　　Mark C. Smith, State Appellate Defender, (until withdrawal) and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


　　　Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Randall Maresch pled guilty to willful injury causing serious injury, in violation of Iowa Code section 708.4 (2017). The district court sentenced him to prison and imposed and suspended a $1000 fine. The court also ordered various classes of restitution, including restitution for "court costs in an amount to be assessed by the Clerk of Court" and restitution for "court-appointed attorney fees." The sentencing order further stated:

> All financial obligations are due immediately. After 30 days any unpaid debt will be considered delinquent. Any delinquent debt shall be referred to the private collection agency acting on behalf of the Iowa Judicial Branch. For current financial information check www.iowacourts.state.ia.us. Accruing costs may be added at a later date.

On appeal, Maresch contends the district court erred in "assessing financial obligations to [him] without first making a constitutionally mandated determination of his reasonable ability to pay."

The supreme court recently addressed the proper procedure for ordering restitution and for considering a defendant's reasonable ability to pay restitution. *See State v. Albright*, 925 N.W.2d 144, 158–61 (Iowa 2019). We summarized the opinion in *State v. Northern*, No. 18-1634, 2019 WL _____, at * __ (Iowa Ct. App. May 15, 2019) filed on this date. In short, the court stated, "Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay." *Albright*, 925 N.W.2d at 160–61. The court held, "Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* at 162.

In the wake of *Albright*, we vacate that portion of the sentencing order imposing an obligation to immediately pay court costs and court-appointed attorney fees. Imposition of those restitution items shall await the filing of a final restitution order and a subsequent determination of Maresch's reasonable ability to pay.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**